UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY M. GARCIA,<br><br>　　　　Petitioner<br><br>　　v.<br><br>B. CATES,<br><br>　　　　Respondent. | Case No. 2:21-cv-07099-MWF (GJS)<br><br>**ORDER: SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　　This 28 U.S.C. § 2254 habeas action commenced on August 30, 2021, when a habeas petition submitted by Petitioner was formally filed in the United States District Court for the Eastern District of California [Dkt. 1, the "Petition"]. On the next day, the Petition was transferred to this District.

　　　　The Petition challenges Petitioner's 2016 conviction in Orange County Superior Court Case No. 13HF3631 and his related sentence. [Petition at 1.] Pursuant to Rule 201(b) and (c) of the Federal Rules of Evidence, the Court takes judicial notice of the dockets and records available online for the Orange County Superior Court, the California Court of Appeal, and the California Supreme Court. These records show that Petitioner was convicted of four violations of California Penal Code § 288.7(b) and two violations of California Penal Code § 288(a). He was sentenced to an aggregate term of 30 years to life, consisting of consecutive 15

years to life sentences on the first and second counts, concurrent 15 years to life sentences on the third and fourth counts, and concurrent six-year terms on the fifth and sixth counts.

The Petition alleges two Grounds, each of which contains multiple subclaims. Ground One is labeled "1) Due process 2) Double jeopardy 3) Ineffective assistance of counsel 4) Prosecutorial misconduct 5) Police misconduct." By subclaim (1) Petitioner complains that he was deprived of due process, because his case was not initially submitted to a grand jury for an "internal investigation" and to obtain "strong evidence" before submitting the case to prosecutors and a jury. By subclaim (2), Petitioner contends that his convictions violate the Double Jeopardy Clause, because he was convicted of multiple counts of the same Penal Code provision and the crimes involved the same victim and the same violation date. By subclaim (3), Petitioner complains that his trial counsel provided ineffective assistance by failing to subpoena Petitioner's employer to prove his lengthy employment history and by failing to obtain a doctor's report and "expert DNA." By subclaim (4), Petitioner asserts that the prosecutor committed misconduct by using hearsay and false evidence submitted by the police. As subclaim (5), Petitioner contends that the police committed misconduct by falsifying allegations and, during the jury trial, by failing to present a videotape of Petitioner's confession. [Petition at 3.]

Ground 2 also contains multiple subclaims, but its allegations appear to focus on events that have occurred following Petitioner's sentencing and during his incarceration in state prison rather than on the events leading up to his conviction and sentencing. As subclaim (1), Petitioner asserts that, under California Penal Code § 1203.01, the trial judge and the prosecutor were required to generate a "report" and the trial court was required to submit it to the CDCR, but when he filed a grievance seeking a copy of this "report," he was told that no such report had been submitted to the CDCR. Petitioner asserts that his constitutional rights are being violated by continuing to punish him if no such report was generated and then

provided to the CDCR and to him.  As subclaim (2), Petitioner cites to 15 CCR §§ 3504, 3504.1 and 3505 (regulations related to prisoners who have been found suitable for and/or released on parole) and states that his parole-related risk assessment is "low."  As subclaim (3), Petitioner simply cites "Proposition 57" and 15 CCR §§ 3490, 3491, 3495, and 3496 followed by the words "determinate & indeterminate."  As subclaim (4), Petitioner asserts that he was wrongly charged and sentenced as a Third Strike/habitual offender with prior prison terms, even though he has no prior criminal offenses and has never been to prison before.  As subclaim (5), Petitioner asserts that he is diabetic, caught Covid-19 in prison, and received a low risk assessment, and he seems to contend that he therefore is entitled to release from incarceration.  [Petition at 4.]

On September 14, 2021, United States Magistrate Judge Gail J. Standish issued an Order advising Petitioner that the Petition appeared to be fully unexhausted and of his options should the Petition be determined to be unexhausted as a final matter [Dkt. 5, the "September 14 Order"].  The September 14 Order explained the exhaustion requirement for Section 2254 habeas petitions and why the Petition seems to be unexhausted.  The September 14 Order then clearly explained to Petitioner the two options he has if the Petition is unexhausted, which are:  to voluntarily dismiss it without prejudice; or to request a stay in this case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  The OSC directed Petitioner to file a response explaining how his claims are exhausted or, if he concedes that the Petition is unexhausted, to either request a *Rhines* stay and explain why such a stay is warranted or to voluntarily dismiss the case without prejudice.

Petitioner filed a timely response to the September 14 Order [Dkt. 7, "Response"].  In his Response, Petitioner conceded that the Petition is unexhausted and stated that he wishes to have this case stayed pursuant to *Rhines, supra*.  After noting the September 14 Order's direction that he explain why a *Rhines* stay is appropriate under the applicable factors, Petitioner stated only that he had good

cause for his failure to exhaust his current habeas claims before proceeding to federal court, because he "fully trust[ed] and paid my lawyer to do my appeal and review to the Federal court as promised but never happen[ed]." [Response at 1.]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the following reasons, it plainly appears that the Petition is fully unexhausted,[1] and because the Court concludes that a *Rhines* stay would not be appropriate, this action must be dismissed without prejudice.

## The Exhaustion Requirement

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to the issue presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and

---

[1] The Court may raise exhaustion problems sua sponte and dismiss a petition summarily for lack of exhaustion. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See Baldwin*, 541 U.S. at 29 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

## The Petition Is Unexhausted

The electronic dockets of the Orange County Superior Court, the California Court of Appeal, and the California Supreme Court show that: through counsel, Petitioner appealed his 2015 conviction and 2016 sentence, raising a *Miranda* claim based on the admission of his confession and a claim based on the failure to disclose the victim's sealed school records; on May 4, 2018, in Case No. G054032, the California Court of Appeal denied relief based on the *Miranda* claim but conditionally reversed based on the school records claim so that the trial court could disclose the subpoenaed information to Petitioner and allow him an opportunity to demonstrate prejudice, and for the trial court to order a new trial if warranted or reinstate the judgment if not; Petitioner then filed a petition for review in the California Supreme Court in Case No. S249239; and on August 8, 2018, the state high court denied review. These same public records further show that: on remand to the trial court, Petitioner filed a motion for a new trial; the trial court denied the motion and reinstated the judgment; Petitioner appealed, raising a claim that the trial court committed reversible error in denying the motion for a new trial; on July 29, 2021, in Case No. G059412, the California Court of Appeal found no error and affirmed the judgment; and Petitioner did not seek review in the California Supreme Court within the time for doing so. There is no record of Petitioner having filed any

collateral proceeding in the state courts, and Petitioner admits that he has not done so. [*See* Petition at 5-6.]

The only claims that Petitioner has raised in the California Supreme Court and therefore exhausted are the two claims he raised in his original appeal, neither of which are alleged in the Petition. Because Petitioner has not filed any proceeding in the California Supreme Court with respect to his claims alleged in the Petition and because the state high court has not ruled on the claims, Petitioner's present claims necessarily have not been exhausted. The Petition, therefore, is fully unexhausted.

**A *Rhines* Stay Is Not Warranted**

Petitioner has requested a *Rhines* stay. In this Circuit, a fully unexhausted petition may be stayed pursuant to the procedure explained in *Rhines*. *See Mena v. Long*, 813 F.3d 907, 908, 910-12 (9th Cir. 2016) (finding the *Rhines* stay procedure for "mixed" petitions to be applicable to fully exhausted petitions). The Supreme Court has cautioned that a *Rhines* stay should be afforded "only in limited circumstances." *Rhines*, 544 U.S. at 277. To obtain a *Rhines* stay, a petitioner must show: (1) "good cause" for the failure to exhaust the claim at issue; (2) that the unexhausted claim is "potentially meritorious"; and (3) and that the petitioner has not engaged in "intentionally dilatory litigation tactics." *Id.* at 277-78.

There is no basis before the Court for finding that Petitioner has engaged in intentionally dilatory litigation tactics. Thus, whether a stay is warranted turns on whether the "good cause" and "potentially meritorious" factors are met. With respect to the former, the Supreme Court has not provided a definition of the *Rhines* "good cause" requirement. The Ninth Circuit has concluded that "extraordinary circumstances" need not be demonstrated. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). "But as the *Jackson* court recognized, we must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's

instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten v. Kirkland*, 540 F.3d 1019, 1023–24 (9th Cir. 2008) (internal citations omitted); *see also Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (the *Rhines* good cause requirement "ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court [and a]s such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure").

As noted earlier, Petitioner asserts that good cause exists to stay this action, because he paid his attorney to handle his appeal and "review to the Federal court" but this "never happen[ed]." The attachments to the Response show that on October 6, 2016, someone named "Leonora Vanderbergh" paid $35,000 to the Innocence Legal Team, with a balance of $5,000 still owing and due by October 30, 2016, "for Appeal." This same receipt shows a separate amount of a $10,000 retainer still owed and due by October 30, 2016, "for writ." [Response at 13.] The docket for Petitioner's direct appeal from his conviction shows that: Patrick Ewing Clancy of the Innocence Legal Team did represent Petitioner before the California Court of Appeal, including in seeking rehearing after the state appellate court issued its decision on May 4, 2018; and William P. Daley of the Innocence Legal Team represented Petitioner in connection with his petition for review filed with the California Supreme Court, which was denied on August 8, 2018. Thus, Petitioner's contention that good cause exists because his attorney failed to file an appeal is contrary to the facts. With respect to Petitioner's assertion that good cause exists because his attorney "never" filed a Federal writ, there is no evidence that Petitioner paid his attorney for this work, but in any event, the *Rhines* concern is whether good cause exists for the failure to exhaust a claim in *state* court, not for any failure to

seek federal habeas relief. Petitioner's assertion of "good cause" for his failure to exhaust his claims, thus, is unpersuasive. The Court, however, need not actually decide whether or not good cause exists, because it is clear that the *Rhines* "potentially meritorious" requirement is unsatisfied with respect to each of the claims alleged in the Petition, for the following reasons:

**Ground One (1)** is based on the premise that Petitioner was deprived of due process, because his case was not initially submitted to a grand jury for an "internal investigation" and to obtain "strong evidence." Petitioner asserts that a grand jury was required to "submit a formal letter to the prosecutors" before he could be subjected to a jury trial. Subclaim (1) is meritless on its face, because there is no due process right to have a criminal prosecution initiated by grand jury process and indictment rather than information. *Hurtado v. California*, 110 U.S. 516, 538 (1884) (so holding and approving California's practice of commencing a prosecution by information as an alternative to the grand jury process); *see also, e.g., Rose v. Mitchell*, 443 U.S. 545, 557 (1979) ("there is no constitutional requirement that States institute prosecutions by means of an indictment returned by a grand jury"). There is "no due process right to a grand jury indictment before criminal prosecution in state court." *Peterson v. California*, 604 F.3d 1166, 1170 (9th Cir. 2010); *see also Gautt v. Lewis*, 489 F.3d 993, 1003 n.10 (9th Cir. 2007) (The "Fifth Amendment right to presentment or indictment by a grand jury . . . has not been incorporated into the Fourteenth Amendment so as to apply against the states."). Ground One (1) is not potentially meritorious for *Rhines* purposes.

**Ground One (2)** rests on the premise that Petitioner's convictions violate the Double Jeopardy Clause, because he was convicted of multiple counts of the same Penal Code provision and the crimes involved the same victim and the same violation date. The Double Jeopardy Clause protects against multiple punishments for the same offense and against a subsequent prosecution for the same offense following acquittal or conviction. The proscription against double jeopardy is not

implicated when the defendant receives separate sentences for separate criminal acts when the State has authorized such punishment, even when they arise out of the same transaction. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other" under the Double Jeopardy Clause); *see also Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983) ("Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."). Moreover, while the record shows that while Petitioner's convictions involve a single victim, they do not rest on a single act on a single date. Rather, as the California Court of Appeal explained and as Petitioner admitted, his crimes involved a variety of sexual acts committed against his minor victim that occurred on multiple dates spanning a lengthy period of time, namely between August 1, 2011, and October 23, 2013, starting when the victim was nine years old and ending before she turned 11 years old. [*See* May 4, 2018 Opinion in Case No. G054032.] This was not an instance of one single act committed on a single date resulting in duplicative convictions based on that same single act. There is no meritorious double jeopardy claim under these circumstances.

**Ground One (3)** is based on the contention that trial counsel provided ineffective assistance by failing to subpoena Petitioner's employer to prove his lengthy employment history and by failing to obtain a doctor's report and "expert DNA." Petitioner alleges nothing more than this, and as pleaded, this claim is too conclusory to state a meritorious claim of ineffective assistance of counsel. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("[c]onclusory allegations which are

9

not supported by a statement of specific facts do not warrant habeas relief"); *see also Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (applying this rule to an ineffective assistance claim). Moreover, given the nature of the crimes alleged as they are described in the California Court of Appeal's decision on direct appeal (sexual crimes committed against a minor victim years before Petitioner was tried), there is no tenable basis for finding that the Sixth Amendment was violated by trial counsel's failure to obtain "expert DNA" or a doctor's report or to present evidence of Petitioner's favorable employment history, because none of these matters, even had they been obtained and presented, possibly could have been exculpatory. Indeed, there is no reason to believe that any such evidence would have been allowed to be admitted, as it would have been irrelevant, and thus, counsel cannot be faulted for having failed to obtain and present it. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take futile action can never be deficient performance"). Ground One (3) also fails the *Rhines* "potentially meritorious" requirement.

**Ground One (4)** alleges that the prosecutor "argued hearsay and false evidence submitted by the police," labelling this "prosecutorial misconduct." This single, bare allegation, which does not even identify the "hearsay" or "false evidence" at issue, is much too conclusory to state a viable claim of prosecutorial misconduct, or even to hint that one exists. The fourth subclaim does not satisfy the "potentially meritorious" requirement.

**Ground One (5)** is labelled "police misconduct" and rests on this single statement: "Falsified allegation and no video submitted during jury trial as report of confession." Petitioner does not identify any false police "allegation" and this bare allegation, bereft of any facts, is too conclusory to meet the "potentially meritorious" requirement. As to the alleged failure to present video evidence of Petitioner's confession at trial, the California Court of Appeal's opinion on direct appeal states that a DVD recording of the confession existed and was reviewed by

the trial court in connection with Petitioner's unsuccessful motion to suppress his confession. The opinion does not indicate whether or not the recording was played at trial. Even if not, the recording was made available to the trial court and the defense and the failure to introduce it into evidence at trial had nothing to do with the police. There is no viable claim of police misconduct with respect to the any party's possible failure to introduce the recording of the confession into evidence at trial, and this aspect of the fifth subclaim also cannot satisfy the "potentially meritorious" requirement.

With the Ground Two subclaims, Petitioner turns his complaint to post-conviction and incarceration matters. **Ground Two (1)** rests on the theory that the federal Constitution required the trial judge and the prosecutor to generate a California Penal Code § 1203.01 "report" and submit it to the CDCR. Petitioner asserts that he cannot be punished without such a report having been issued and provided to the CDCR and to him.[2] As quoted in Note 2 below, under Section 1203.1, the generation of a statement is discretionary on the part of the trial court

---

[2] California Penal Code § 1203.01(a) provides as follows:

> Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. The judge and district attorney shall cause those statements to be filed if no probation officer's report has been filed. The attorney for the defendant and the law enforcement agency that investigated the case may likewise file with the clerk of the court statements of their views respecting the defendant and the crime of which he or she was convicted. Immediately after the filing of those statements and reports, the clerk of the court shall mail a copy thereof, certified by that clerk, with postage prepaid, addressed to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered. The clerk shall also mail a copy of any statement submitted by the court, district attorney, or law enforcement agency, pursuant to this section, with postage prepaid, addressed to the attorney for the defendant, if any, and to the defendant, in care of the Department of Corrections and Rehabilitation, and a copy of any statement submitted by the attorney for the defendant, with postage prepaid, shall be mailed to the district attorney.

1   and the district attorney unless no probation officer's report has been filed.
2   Petitioner does not allege whether or not a probation officer's report was filed.  If a
3   Section 1203.1 statement was created, it would have been mailed to both Petitioner
4   and his attorney as well as the CDCR, thus indicating that if neither Petitioner nor
5   his counsel nor the CDCR received a statement, then the trial court and the
6   prosecutor exercised their statutory discretion not to create one.  In any event,
7   whatever happened or did not happen as to any Section 1203.1 statement in
8   Petitioner's criminal case implicates only a matter of state law and possible state law
9   error, and it gives rise to no federal constitutional issue cognizable in habeas review.
10  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas writs may not
11  issue on the basis of a perceived error of state law application).  In addition, this
12  claim is outside of the core of habeas, because success on it would not necessarily
13  lead to an immediate or earlier release date for Petitioner, and it is not cognizable for
14  this additional reason.  *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016)
15  (*en banc*).  Subclaim (1) of Ground Two is not "potentially meritorious" for *Rhines*
16  purposes.

17        **Ground Two (2)** is cryptic.  Petitioner simply cites 15 CCR §§ 3504, 3504.1
18  and 3505 without explanation, states the words "Criminal History," and notes that
19  he has received a parole-related risk assessment finding his risk to be "low."  The
20  regulations cited by Petitioner relate to prisoners who have been found suitable for
21  and/or released on parole.  Petitioner does not allege that he has received a
22  suitability hearing and given the nature of his sentence – 30 years to life for a
23  sentence that issued in 2016 – it appears to be impossible that he would be eligible
24  as yet for parole consideration.  In fact, on an attachment to the Petition at page 10 –
25  Petitioner's Rehabilitative Case Plan dated June 4, 2021 – Petitioner's "MEPD"
26  (minimum eligible parole date) is stated to be April 24, 2038.  Petitioner's apparent
27  belief that he should be paroled now due to his "low" risk status is factually flawed
28  and raises only an issue of state law that is not cognizable.  *See Swarthout v. Cooke*,

562 U.S. 216, 219-21 (2011) (*per curiam*) (the only cognizable federal habeas issue related to a denial of parole in California is whether the prisoner received a hearing and a statement of the reasons why parole was denied). Subclaim (2) is not potentially meritorious.

**Ground Two (3)** consists of the term "Proposition 57" and an unexplained reference to 15 CCR §§ 3490, 3491, 3495, and 3496 followed by the words "determinate & indeterminate." It is unclear what relief Petitioner seeks by these cryptic references, but no habeas relief appears to be available. Proposition 57 creates a mechanism for parole consideration for those prisoners convicted of nonviolent offenses. *See* Cal. Const. art. I, § 32, subd. (a)(1). The California regulations Petitioner cites relate to parole determinations for nonviolent offenders. Petitioner, however, was convicted of violating California Penal Code § 288(a), which is considered to be a violent felony. *See* California Penal Code § 667.5(c)(6) (defining "violent felony" to include crimes punishable under Section 288(a) and (b)); 15 CCR § 3490 (excluding from the scope of the regulatory subchapter and article on which Petitioner relies (Parole Consideration for Indeterminately-Sentenced Nonviolent Offenders) those prisoners serving a term of incarceration for a "violent felony" as defined by Section 667.5(c)). Thus, none of the provisions Petitioner cites in support of subclaim (3) apply to him.

Moreover, claims based on Rule 57 state only a claim of state law error that is not cognizable on federal habeas review. *See, e.g., Johnson v. Federal Court Judges*, No. 2:20-cv-01134-JAK (JDE), 2020 WL 2114931, at *5 (C.D. Cal. March 20, 2020) (summarily dismissing claim brought under Proposition 57, because "the application of Proposition 57 is exclusively a matter of state law" and a claim based on it is not cognizable); *Travers v. People of the State of California*, No. 17-cv-06126-SI, 2018 WL 707546, at *1 (N.D. Cal. Feb. 5, 2018) (summarily dismissing claim based on Proposition 57, because it involves only an asserted violation of

California law and federal habeas relief is not available for state law error). Subclaim (3), therefore, is not potentially meritorious.

**Ground Two (4)** cites Senate Bill 1393 and asserts that Petitioner was wrongly charged and sentenced as a Third Strike/habitual offender with prior prison terms, even though he has no prior criminal offenses and has never been to prison before. Senate Bill 1393, which was effective as of November 2019, ended a California statutory prohibition on trial courts using their discretion, under California Penal Code § 1385, to strike five-year prior serious felony enhancements. This amendment, however, has no applicability to Petitioner, because he did not receive any such five-year sentence enhancement and, moreover, according to him, he does not have any prior serious felony convictions. In addition, Petitioner's assertion that he was sentenced as a Third Strike or habitual offender is simply untrue, as the record shows. As the trial court's docket and the California Court of Appeal's decision state, Petitioner received two consecutive 15-years to life sentences based on violations of California Penal Code § 288.7(b) (counts one and two), two concurrent 15-years to life sentences based on violations of California Penal Code § 288.7(b) (counts three and four), and two concurrent six-year sentences based on violations of California Penal Code § 288(a) (counts five and six). Petitioner's sentences were based on each of the six convictions he suffered in 2015, not on any enhancements for past convictions or for recidivism. Subclaim (4) plainly is not potentially meritorious, factually or legally.

Finally, **Ground Two (5)** consists of allegations that Petitioner is diabetic "with insuline [*sic*] problem," caught Covid-19 in prison, and received a low risk assessment. Petitioner apparently believes that these circumstances entitle him to release from incarceration.[3] As noted above, whether or not Petitioner has received

---

[3] In connection with subclaim (5), Petitioner alludes to the *Plata* and *Armstrong* civil rights litigation pending in other districts, but he does not explain how that litigation somehow entitles him to release many years before he even would be eligible for parole consideration. Petitioner

a low risk assessment for parole consideration purposes, this circumstance relates to a possible future parole event and is not a cognizable basis for federal habeas relief. The same is true as to Petitioner's diabetes and prior infection with the Covid-19 virus, which are matters that pertain to his conditions of confinement.

As a threshold matter, the Court notes that Ground Two (5) does not allege any violation of federal constitutional rights, and for that reason alone, the claim is not plainly meritorious for habeas purposes. But even if such an allegation had been made, this subclaim fails on its face. A claim based on a prisoner's medical condition, and any allegedly deficient medical care, is a classic conditions of confinement claims that sounds in civil rights, not in habeas. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Ramirez v. Galaza*, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). If Petitioner feels that he is not receiving adequate care for his diabetes, his remedy is to utilize the prison administrative grievance procedures and, if that is unsuccessful, to pursue relief under 42 U.S.C. § 1983, not to seek Section 2254 habeas relief.

With respect to Petitioner's earlier infection with Covid-19, this circumstance also does not provide a basis for federal habeas relief. To date, the Ninth Circuit has

---

also alludes to "Assembly Bill 2942 Sentencing Recall." To the extent that, by this reference, Petitioner claims he is entitled to sentence recall and resentencing under California Penal Code § 1170(d)(1) (which was modified by AB 2942), any such claim is not cognizable on federal habeas review. *See, e.g., Smith v. Houston*, No. 2:20-cv-02141-JGB (AFM), 2020 WL 5351319, *2 (C.D. Cal. Jul. 30, 2020) (dismissing petition brought seeking resentencing under AB 2942, because "[w]hether Petitioner is entitled to resentencing is a question pertaining solely to state law, and as such, [his resentencing claim is] not cognizable in this action"), adopted by 2020 WL 5350435 (Sept. 2, 2020); *Bailey v. Sherman*, No. EDCV 19-02120-ODW (JEM), 2020 WL 4372118, *3 (C.D. Cal. June 30, 2020) (dismissing as not cognizable claim brought seeking sentence recall and resentencing under Section 1170(d)(1)), adopted by 2020 WL 4368062 (Jul. 30, 2020); *Housh v. Rackley*, No. 17-cv-4222-HSG (PR), 2019 WL 1117530, *2 (N.D. Cal. Mar. 11, 2019) (summarily denying a petitioner's motion for resentencing pursuant to AB 2942 on the ground that habeas relief is available only for a violation of the Constitution or laws or treaties of the United States).

declined to resolve the question of whether a claim asserting a violation of a prisoner's constitutional rights based on the Covid-19 pandemic properly may sound in habeas. *See Roman v. Wolf*, 977 F.3d 935, 941-42 (9th Cir. 2020) (per curiam). Numerous district courts within the Ninth Circuit have concluded that a claim premised on the allegedly unconstitutional nature of the conditions of an inmate's confinement resulting from the Covid-19 pandemic is not cognizable in habeas review notwithstanding that the remedy sought is release. *See, e.g., Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1047-49 (C.D. Cal. 2020), appeal dismissed, 2020 WL 6293689 (9th Cir. Oct. 19, 2020) (concluding that inmate claims premised on the asserted dangers and risks posed by Covid-19 are not cognizable as habeas claims, because a claim premised on the institutional conditions caused by the Covid-19 pandemic is not an attack on the validity of the prisoner's confinement or the particulars affecting its duration, the factors needed for habeas jurisdiction to exist); *Alvarez v. Larose*, 445 F. Supp. 3d 861, 866 (S.D. Cal. 2020), appeal dismissed, 2020 WL 8374097 (9th Cir. Oct. 15, 2020) (rejecting argument that habeas relief – and thus, release from incarceration – was appropriate because the prison had failed to implement adequate measures to protect the plaintiffs from Covid-19, reasoning that this argument improperly conflated the nature of the relief sought with the substance of the claim, which was to assert that conditions of confinement were unconstitutional and thus was a claim that should be raised in civil rights rather than habeas); *see also, e.g., Jackson v. City of Twin Falls*, No. 1:21-cv-00013-BLW, 2021 WL 982307, at *3-*4 (D. Id. March 16, 2021); *Lustig v. Warden, FCI Lompoc*, No. CV 20-3708-SB (AGR), 2021 WL 1164493, at *1 (C.D. Cal. Jan. 4, 2021), *accepted by* 2021 WL 1164474 (March 26, 2021); *Macias v. Bradley*, No. 20-7114-RGK, 2020 WL 6681250, at *3 (C.D. Cal. Nov. 10, 2020); *Jackson v. Von Blanckensee*, No. CV 20-4161 PA, 2020 WL 4905527, at *1 (C.D. Cal. Aug. 19, 2020); *Sweeney v. Herrera*, No. CV 20-0427-CJC, 2020 WL 4980062,

at *2 (C.D. Cal. June 8, 2020); *Bolden v. Ponce*, No. 2:20-cv-03870-JFW, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020).

While this issue remains to be resolved at the Circuit level, the Court concludes that habeas jurisdiction is not available in this case based on Petitioner's bare allegation that he is a diabetic and previously caught Covid-19. The vague and skimpy allegations of the Petition do not establish that there are no conditions of confinement that could not prevent constitutional violation. The Petition does not allege a single fact about the conditions of Petitioner's confinement or his present medical status, much less show that the only way to prevent constitutional violation is to release him from his lawful state custody, particularly given Petitioner's failure to first present this issue to the state courts and afford them a chance to rectify any possible constitutional violation. There may be relief that could be fashioned short of release, relief that would be more appropriately considered in a civil rights case. *See Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'") (citations omitted). Accordingly, the Court finds that Ground Two (5) is not cognizable in habeas and is is not potentially meritorious for purposes of the *Rhines* stay requirement.

The claims alleged in the Petition do not satisfy the "potentially meritorious" requirement of *Rhines*. Accordingly, a stay of this case is not appropriate. Given that the Petition is fully unexhausted, this case must be dismissed without prejudice. *Rose*, 455 U.S. at 522.

\* \* \* \* \*

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of this action is required by Rule 4, because the Petition is fully unexhausted and a stay is not appropriate. Accordingly, IT IS ORDERED that: this

action is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 10, 2021

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE